## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DAVID BAUER,**

    *Plaintiff,*

    v.

**CLARITY SERVICES, INC.,**

    *Defendant.*

Case No: 8:26-cv-36

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, David Bauer ("Mr. Bauer"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Clarity" or "Defendant"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Mr. Bauer against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.    The Defendant is subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to § 34.01, Fla. Stat. and Fed. R. Civ. P. 4(k).

4.      Venue is proper in the Middle District of Florida, because the acts complained of were committed and/or caused by the Defendant within Hillsborough County, which is in this District.

## PARTIES

### Mr. Bauer

5.      Mr. Bauer is a natural person residing in Tampa, Hillsborough County, Florida.

6.      Mr. Bauer is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7.      Clarity is a Delaware corporation, with a principal business address at 475 Anton Boulevard, Costa Mesa, CA 92626.

8.      Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9.      Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Mr. Bauer

10.    On or about September 4, 2024, Clarity began maintaining a credit file on Mr. Bauer.

11.    Clarity's creation of a credit file concerning Mr. Bauer came in response to a request for a credit report on Mr. Bauer from Clarity's parent company, Experian Information Solutions ("Experian"), on behalf of "Upgrade Inc./CRB/BRB."

12.    Mr. Bauer made no credit application to "Upgrade Inc./CRB/BRB" on September 4, 2024, nor at any other time, ever.

13.    "Upgrade Inc./CRB/BRB" stated in its request for a report that Mr. Bauer's home address was on 6th Ave. in Tampa.

14.    Mr. Bauer has never lived at this address.

15.    One second after requesting the first report, "Upgrade Inc./CRB/BRB" requested a second credit report, again stating the permissible purpose to obtain the report was in response to a "credit application" by Mr. Bauer.

16.    When Clarity receives an inquiry from an end user such as "Upgrade Inc./CRB/BRB," it attempts to match the personally identifying information ("PII") on the application with the PII associated with a credit file in its systems.

17.    If no match is obtained, Clarity will often create a new file and associate the file with the PII from the application.

18.    On information and belief, the Social Security number ("SSN") furnished by "Upgrade Inc./CRB/BRB" in its request for a credit report did not match Mr. Bauer's actual SSN, nor did the address it/they supplied match his actual address.

19.    Personally identifying information like a date of birth of an individual is easily obtainable from public records for most adult Americans, since public data like voter registration information is acquired by data aggregators and can be easily searched online and obtained in seconds, using nothing more than a name and city/state.

20.    Clarity thus had no reason to believe legitimate permissible purpose existed for "Upgrade Inc./CRB/BRB" to obtain the credit file of Mr. Bauer, *specifically*, especially considering Clarity's parent company, Experian, maintains a credit file on Mr. Bauer which contains his correct SSN, address, and record of home ownership.

21.    At best, Clarity received an inquiry with application PII matching containing Mr. Bauer's name and date of birth only.

22.    The United States Consumer Financial Protection Bureau ("CFPB") explicitly warned that "name combined with a date of birth could also lead to cases of mistaken identity" when responding to requests for credit reports. *Fair Credit Reporting; Name-Only Matching Procedures*, 86 Fed. Reg. 62,468 (Nov. 10, 2021) (codified at 12 C.F.R. pt. 1022).

23.    Since this guidance has been public since 2021, a sophisticated CRA like Clarity has been on notice that "Name + DOB" is insufficient when other data, such as SSN and address, contradicts the match.

24.    Despite this, Clarity furnished reports to "Upgrade Inc./CRB/BRB" in both instances and created a credit file on Mr. Bauer, associating an incorrect SSN and address with him.

25.    Clarity failed to maintain reasonable procedures to prevent unauthorized disclosures required by 15 U.S.C. § 1681e(a).

26.    On May 2, 2025, Clarity furnished a report to "Experian on behalf of Exeter Finance LLC/WCG."

27.    The permissible purpose was "Written Consent," pursuant to Clarity's consumer credit disclosure to Mr. Bauer in August 2025.

28.    Mr. Bauer did not supply any written consent to Exeter Finance LLC/WCG, nor did he apply for credit, insurance, employment, or anything whatsoever with Exeter Finance LLC/WCG.

29.    One second later the same day, Clarity furnished a report to "Westlake Services/NowCom."

30.    The permissible purpose for this inquiry was also "Written Consent," pursuant to Clarity's consumer credit disclosure to Mr. Bauer in August 2025.

31.    Mr. Bauer did not provide any written consent to Westlake Services/NowCom, nor did he apply for credit, insurance, employment, or anything whatsoever with Exeter Finance LLC/WCG.

32.     On information and belief, the Social Security number ("SSN") furnished by Westlake Services/NowCom and Exeter Finance LLC/WCG in their requests for a credit report did not match Mr. Bauer's actual SSN.

33.     The SSN, phone numbers, employment information, and email addresses provided by Westlake Services/NowCom and Exeter Finance LLC/WCG did not belong to him – facts which should have been well-known to Clarity, since Mr. Bauer's credit file maintained by Experian contained the correct information.

34.     Clarity thus had no reason to believe permissible purpose to produce and sell credit reports on Mr. Bauer to Westlake Services/NowCom and Exeter Finance LLC/WCG existed.

35.     Despite this, Clarity furnished reports to Westlake Services/NowCom and Exeter Finance LLC/WCG in both instances.

36.     Clarity's consumer credit disclosure to Mr. Bauer in August 2025 indicates that on May 2, 2025, Clarity reported a cell phone number of (689) 317-0933 and a home phone number of (689) 317-0933 for Mr. Bauer.

37.     This phone number does not belong to Mr. Bauer.

38.     Mr. Bauer has never had a phone, cell or home, with a (689) area code.

39.     On May 2, 2025, Clarity reported an email address of JORGECHINO008@HOTMAIL.COM as belonging to Mr. Bauer.

40.     Mr. Bauer has never used this email address, nor heard of it prior to seeing it in his Clarity consumer disclosure.

41.    Mr. Bauer has never been known as "Jorge Chino," or used this name in any way.

42.    On May 2, 2025, Clarity reported Mr. Bauer's employer was "MCDONALDS."

43.    On May 2, 2025, Clarity reported that Mr. Bauer had worked at McDonalds for 77 months, e.g., more than six years.

44.    Mr. Bauer has never worked at McDonalds.

45.    On May 2, 2025, Clarity reported income information for Mr. Bauer which was substantially inaccurate.

46.    Based on the information known to Mr. Bauer at this point in time, one of two scenarios unfolded:

(a) Westlake Services/NowCom and Exeter Finance LLC/WCG requested a report for another individual, likely someone named "Jorge," who resides in the Kissimmee, FL area, has a (689) cell phone number, and works at McDonalds, and Clarity conflated this individual with Mr. Bauer, sold a report on Mr. Bauer in response to a request for a report on "Jorge Doe," and then incorporated data points about this person into Mr. Bauer's credit file. Or,

(b) Someone using Mr. Bauer's name and DOB (but not his SSN or other information) fraudulently applied for credit to Westlake Services/NowCom and Exeter Finance LLC/WCG and used their own email address, phone, employment information, etc., and Clarity then matched these applications

with the file created for Mr. Bauer using the incorrect PII it associated with him previously.

47.    In either of the two above scenarios, Clarity knew it did not have permissible purpose to furnish reports to Westlake Services/NowCom and Exeter Finance LLC/WCG which contained Mr. Bauer's information.

48.    On August 9, 2025, Mr. Bauer requested his Clarity consumer credit disclosure.

49.    Upon receipt of Mr. Bauer's request, Clarity was required to "clearly and accurately" disclose all information in Mr. Bauer's file at the time of his request, including identification of *each* person, including an end user if the report was obtained by a reseller, who obtains a consumer report from Clarity within the prior year *for any purpose*. See 15 U.S.C. § 1681g(a)(3)(A)(ii).

50.    "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

51.    Frequently, Clarity fails to even come close to fulfilling its legal obligations to disclose this data, often disclosing what can be fairly called incomprehensible gobbledygook which virtually no one would comprehend.

52.    For example, Clarity's disclosure shows the two September 4, 2024 inquiries disclosed as such:

| | | |
|---|---|---|
| 9/4/2024  8:29:45 am EDT 24b9j7tv1p | Credit Application | Experian on behalf of Upgrade Inc/CRB/BRB |
| 9/4/2024  8:29:44 am EDT bg4b8yt7gz | Credit Application | Experian on behalf of Upgrade Inc/CRB/BRB |

53.    Clarity disclosed what appears to be three end users within an individual inquiry; moreover, "Upgrade Inc/CRB/BRB" is not the name of any creditor readily ascertainable to a reasonable person. A Google search for who or what "CRB/BRB" is/are produces no usable results. No phone number or address(es) are provided by Clarity. This labeling does not clearly identify what entity or entities made the inquiry as is required by law.

54.    Clarity has been sued numerous times in the past for failing to disclose the names of persons obtaining credit reports as required by law.

55.    Clarity has been failing to provide the legally-required trade names of persons obtaining credit reports, written in full, for at least 10 years, and often substitutes impossible-to-understand shorthand instead.

### Clarity Fails to Investigate Disputes

56.    Clarity, unlike its parent company Experian Information Solutions, Inc. ("Experian"), does not provide consumers any ability to dispute inaccurate information online.

57.    In August 2025, Mr. Bauer mailed a dispute to Clarity, disputing the accuracy of multiple pieces of information appearing on his Clarity report, including incorrect address, e-mail address, income information, phone numbers, employment information, and length of residential history.

58.    Mr. Bauer included his full name, address, date of birth, part of his Social Security number, the date his disclosure was provided by Clarity, and the contents of

his Clarity credit file – more than sufficient information to identify him and his credit file.

59.    Mr. Bauer also stated he was concerned he was the victim of identity theft and asked Clarity to place a Security Freeze on his credit file.

60.    Mr. Bauer also asked Clarity to provide him with the full names and addresses of persons obtaining his credit file, since his disclosure did not contain this data.

61.    Mr. Bauer provided his email address to Clarity in case it had any questions.

62.    Clarity, upon receipt of Mr. Bauer's dispute, was required to make a reasonable investigation into his dispute and report the results of the investigation back to him within 30 days. *See* 15 U.S.C. § 1681i(a)(1)(A).

63.    However, instead of investigating his dispute, Clarity sent Mr. Bauer a letter explaining that they supposedly needed his full SSN to process the dispute.

64.    Despite this, Clarity was able to locate Mr. Bauer's credit file from the information provided in his letter, as Clarity then deleted the 6th Avenue address from Mr. Bauer's credit file shortly after receiving the letter.

65.    Clarity's request for his full SSN is nothing more than an attempt to add an additional barrier for consumers attempting to dispute something in their credit file.

66.    Clarity left all other information (e.g. that he worked at McDonalds, had a (689) area code phone number, etc.) intact and unaltered.

67.    Since Clarity failed to correct any of Mr. Bauer's other disputes, Clarity failed to make a reasonable investigation as required by the FCRA, § 1681i(a)(1)(A).

68.    The fact Clarity failed to make any investigation into multiple and obvious errors is inherently *unreasonable.*

69.    Clarity frequently fails to investigate consumer disputes, either ignoring them completely or, sometimes, sending a form letter to the consumer stating it could not identify what was being disputed, even when the consumer's dispute is crystal-clear.

70.    In 2015, CFPB found that Clarity systematically violated Section 611 of the FCRA by building a "wall of obstruction" between consumers and their right to an accurate credit report, including Clarity frequently failing to investigate consumer disputes. See *In the Matter of: Clarity Services, Inc., and Timothy Ranne,* Administrative File No.: 2015-CFPB-0030.

71.    The CFPB found that Clarity violated 15 U.S.C. § 1681i by failing to conduct reinvestigations; Clarity entered into a formal consent order on December 3, 2015, paid an $8 Million civil penalty, and agreed to take actions to remediate its policies, including training all employees on what constitutes a "reasonable investigation."

72.    In the intervening 10 years, Clarity appears to have changed little in terms of compliance with the FCRA.

73.    Clarity, unlike Experian, does not utilize e-OSCAR, an online platform designed to quickly, efficiently, and effectively resolve consumer disputes.

74.    Clarity must thus use much more labor-intensive methods to investigate disputes.

75.    Clarity frequently sends form letters to consumers disputing information, as a means to avoid the time and cost of investigating consumer disputes, which it lacks any efficient way of processing; alternately, it just ignores the disputes completely.

76.    Mr. Bauer provided Clarity with a detailed narrative as to how his personal information had almost certainly been compromised, as evidenced by the erroneous home address, employment data, e-mail address, phone numbers, etc.

77.    Despite being advised that his personal information was compromised, Clarity sent Mr. Bauer a letter suggesting it needed more PII to process his dispute.

78.    Clarity also failed to implement a security freeze in response to Mr. Bauer's request for same.

79.    Clarity's failure to implement the Security Freeze Mr. Bauer requested deprived him of his sole statutory shield to prevent further – and certainly impending -- financial exploitation and appropriation.

80.    The deprivation of a legally conferred right of safety (the Security Freeze) while one or more predators are actively applying for credit in Mr. Bauer's name created a concrete intrusion on his personal security and deprived him of his right to secure his personal data.

81.    Clarity is a large, sophisticated entity. By ignoring a binary, non-discretionary statutory command after being put on notice of identity theft is virtually the definition of reckless disregard.

82.    As of the date of this filing, the aforementioned inaccuracies continue to appear in Mr. Bauer's Clarity credit file.

83.    As such, Mr. Bauer demands, upon service of this lawsuit, Clarity conduct a reinvestigation and delete the aforementioned erroneous pieces of data.

84.    Mr. Bauer also demands a Security Freeze be placed on his credit file.

85.    Mr. Bauer has hired the undersigned law firm to represent him in this matter and has assigned the firm his right to fees and costs.

**COUNT I**
**CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)**

86.    Mr. Bauer adopts and incorporates paragraphs 1 – 85 as if fully stated herein.

87.    Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Bauer when Clarity sold consumer reports containing erroneous information about his income, contact information and employment.

88.    Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with erroneous information about consumers including inaccurate information about their income, contact information and employment, and more.

89.    Clarity's conduct was thus willful or done with a reckless disregard for Mr. Bauer's rights under the FCRA.

90.    As a result of its conduct, Clarity is liable to Mr. Bauer pursuant to the FCRA for the greater of Mr. Bauer's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Bauer respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Mr. Bauer's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

91.    Mr. Bauer adopts and incorporates paragraphs 1 – 85 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

92.    Clarity owed Mr. Bauer a legal duty to use reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Bauer.

93.    Clarity breached this duty when it sold consumer reports containing erroneous information about his income, contact information and employment.

94.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681e(b), and as a result Mr. Bauer is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Bauer respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c.    Such other relief that this Court deems just and proper.

**COUNT III**
**CLARITY'S WILLFUL VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)**

95.    Mr. Bauer adopts and incorporates paragraphs 1 – 85 as if fully stated herein.

96.    Clarity violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify each person, including the end-user, when applicable, that procured Mr. Bauer's consumer report during the one-year period preceding the date on which the request was made. As described in the foregoing, inquiries were disclosed with false, made-up, and/or non-existent information, and/or utilized incomprehensible shorthand, and fell far short of being "written in full" as required.

97.    Clarity's conduct was thus willful and intentional, or alternately, was done with a reckless disregard for its duties under the FCRA.

98.    Clarity is therefore liable, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Bauer's actual damages and statutory damages not to exceed $1,000 *for each violation*, punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Bauer respectfully requests this Honorable Court to enter judgment against Clarity for:

a.    The greater of statutory damages of $1,000 per incident and Mr. Bauer's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and,

d.    Such other relief that this Court deems just and proper.

**COUNT IV**
**CLARITY'S NEGLIGENT VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)**
**(Plead in the alternative to Count III)**

99.    Mr. Bauer adopts and incorporates paragraphs 1 – 85 as if fully stated herein and pleads this count strictly in the alternative to Count III.

100.    Clarity owed Mr. Bauer a legal duty to identify each person, including the end-user, when applicable, that procured Mr. Bauer's consumer report during the one-year period preceding the date on which the request was made.

101.    Clarity breached this duty when it failed to identify numerous entities on its disclosures to Mr. Bauer, identifying them only with abbreviations, shorthand, or acronyms.

102.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), and as a result Mr. Bauer is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Bauer respectfully requests this Honorable Court to enter judgment against Clarity for:

a.    Mr. Bauer's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## COUNT V
## <u>CLARITY'S WILLFUL VIOLATIONS OF THE FCRA,</u>
## <u>15 U.S.C. § 1681c-1(i)(2)</u>

103.    Mr. Bauer adopts and incorporates Paragraphs 1 – 85 as if fully restated herein.

104.    Clarity violated 15 U.S.C. § 1681c-1(i)(2) when it failed to place a Security Freeze on Mr. Bauer's credit file within three days of receiving his August 2025 request for a Security Freeze.

105.    Clarity received a clear, unambiguous request for a Security Freeze but failed to honor it.

106.    Clarity's conduct was thus willful and intentional, or, alternatively, was performed with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

107.    Indeed, on information and belief, Clarity does not maintain the ability to place a security freeze on a consumer's file, or if it does, simply fails to do so in almost every instance of a consumer's request for one.

108.    As a result of its conduct, Clarity is liable to Mr. Bauer pursuant to the FCRA for the greater of Mr. Bauer's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Bauer respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Mr. Bauer's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT VI
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA,
### 15 U.S.C. § 1681g(a)(1)
### (Pled in the alternative to Count V)

109.   Mr. Bauer adopts and incorporates Paragraphs 1 – 85 as if fully restated herein and strictly pled in the alternative to Count V.

110.   Clarity owed Mr.  Bauer a legal duty to place security freeze on his file within three days of his request for same.

111.   Clarity breached this duty when it failed to do so in response to Mr. Bauer's August 2025 request.

112.   Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681c-1(i)(2), and as a result Mr. Bauer is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Bauer respectfully requests this Honorable Court enter judgment against Clarity for:

a.   Mr. Bauer's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.   Such other relief that this Court deems just and proper.

## COUNT VII
## WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)

113.   Mr. Bauer hereby incorporates paragraphs 1 – 85 as if fully stated herein.

114.    Clarity violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into a dispute of Mr. Bauer's employment history, housing information, income, and more, since it failed to conduct any investigation at all into most of Mr. Bauer's disputes.

115.    Clarity's conduct was a result of its regular policies and procedures, which frequently result in it not conducting any investigation at all, and/or claiming it "can't identify" what the consumer is disputing, even when it is abundantly clear, as in the instant matter.

116.    Clarity's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Bauer.

117.    Accordingly, pursuant to 15 U.S.C. § 1681n, Clarity is liable to Mr. Bauer for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Bauer respectfully requests this Honorable Court to enter judgment against Clarity for:

a.    The greater of statutory damages of $1,000 per incident or Mr. Bauer's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.     Such other relief that this Court deems just and proper.

## COUNT VIII
## NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
### (Pled in the alternative to Count VII)

118.    Mr. Bauer adopts and incorporates Paragraphs 1 – 85 as if fully restated herein and strictly pled in the alternative to Count VII.

119.    Clarity had a legal duty to reasonably investigate Mr. Bauer's disputes.

120.    Clarity breached this duty when it failed to make any investigation whatsoever into the majority of Mr. Bauer's dispute, investigating and deleting only a single address.

121.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681i(a)(1)(A), and as a result Mr. Bauer is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Mr. Bauer respectfully requests this Honorable Court to enter judgment against Clarity for:

a.     Mr. Bauer's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief that this Court deems just and proper.

## COUNT IX
## WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)

122.    Mr. Bauer reincorporates paragraphs 1 - 85 as if fully stated herein.

123.   Clarity violated 15 U.S.C. § 1681b(a)(3) when it furnished consumer reports regarding Plaintiff to Westlake Services/NowCom and Exeter Finance LLC/WCG in response to a request for a report on an unrelated individual with a different name, SSN, etc., or in response to a request for a report on Plaintiff which contained someone else's SSN, email address, phone number, etc.

124.   Clarity had no reason to believe it had permissible purpose to furnish reports regarding Mr. Bauer, as there are far too few commonalities between the consumer whom Westlake Services/NowCom and Exeter Finance LLC/WCG, requested reports concerning and Mr. Bauer.

125.   Clarity had no reason to believe it had permissible purpose to furnish reports regarding Mr. Bauer to "Upgrade Inc./CRB/BRB."

126.   Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

127.   Clarity's conduct was willful and intentional, or alternately, was done with a reckless disregard for its duties under the FCRA.

128.   Clarity is thus liable to Mr. Bauer, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Bauer's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Bauer respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a.     The greater of Mr. Bauer's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

c.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.     Such other relief that this Court deems just and proper

## COUNT X
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)
### (Pled in the Alternative to Count IX)

129.    Mr. Bauer reincorporates paragraphs 1 - 85 as if fully stated herein.

130.    Clarity had a legal duty to sell consumer reports regarding Mr. Bauer only to those with a permissible purpose for obtaining them.

131.    Clarity breached this duty when it furnished consumer reports regarding Plaintiff to Westlake Services/NowCom and Exeter Finance LLC/WCG in response to a request for a report on an unrelated individual with a different name, SSN, etc., or in response to a request for a report on Plaintiff which contained someone else's SSN, email address, phone number, etc.

132.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681b(a)(3), and as a result Mr. Bauer is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Bauer respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a.     Mr. Bauer's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on January 7, 2026**,** by:

**SERAPH LEGAL, P.A.**

*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
BGeiger@seraphlegal.com
Service@seraphlegal.com
*Lead Counsel for Plaintiff*